UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD JAVIER MENDOZA
HENRIQUEZ,

Petitioner,

v.

WARDEN, GOLDEN STATE ANNEX
DETENTION FACILITY, et al.,

Respondents.

No. 1:26-cv-00927-DAD-AC

ORDER ADOPTING FINDINGS AND
RECOMMENDATIONS IN AND GRANTING
THE PETITION FOR WRIT OF HABEAS
CORPUS

(Doc. Nos. 1, 15)

Petitioner Richard Javier Mendoza Henriquez,[1] A-File No. 244-159-007, is a federal

immigration detainee proceeding through counsel with a petition for writ of habeas corpus

/////

_____

[1] Petitioner initially filed the habeas petition *pro se* and wrote his name as Richard Javier Mendoza Herniquez. (Doc. No. 1 at 1.) The court appointed counsel on February 6, 2026. (Doc. No. 8.) On March 25, 2026, petitioner's counsel filed a notice of clerical error, informing the court that petitioner's name appeared as "Herniquez" on his petition, but was noted as "Henriquez" on the docket. (Doc. No. 16.) On March 26, 2026, the assigned magistrate judge issued a minute order amending the findings and recommendations to refer to petitioner as "Richard Javier Mendoza Herniquez" and directed the Clerk of the Court to update the docket to reflect that spelling of petitioner's name. (Doc. No. 17.) On April 7, 2026, petitioner's counsel filed a subsequent notice that, following conversations with petitioner's family, she learned the correct spelling of petitioner's name is "Henriquez." (Doc. No. 18.) The court therefore spells petitioner's name as Richard Javier Mendoza Henriquez and will direct the Clerk of the Court to once again update the docket to reflect the correct spelling of petitioner's name.

1

pursuant to 28 U.S.C. § 2241.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 24, 2026, the assigned magistrate judge issued findings and recommendations recommending that petitioner's petition for writ of *habeas corpus* (Doc. No. 1) be granted.  (Doc. No. 15.)  Specifically, the magistrate judge found that petitioner's re-detention without notice or a hearing following his release on parole pursuant to § 1182(d)(5) violated due process.  (*Id.* at 7.) The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within seven (7) days after service.  (*Id.* at 8.)  To date, no objections to the magistrate judge's findings and recommendations have been filed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

For the reasons explained above:

1. The findings and recommendations (Doc. No. 15) are ADOPTED IN FULL;

2. Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:

   a. Respondents are ORDERED to immediately release petitioner Richard Javier Mendoza Henriquez, A-File No. 244-159-007, on the same conditions he was subject to, if any, prior to his re-detention on or about January 10, 2026;

   b. Respondents are ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, where respondents will have the burden of establishing that petitioner is either a flight risk or danger by clear and convincing evidence; and

3. The Clerk of the Court is directed to serve this order on the Golden State Annex Detention Facility;

4. The Clerk of the Court is directed to update the spelling of petitioner's name on the docket to "Richard Javier Mendoza Henriquez;" and

2

5.    The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated:    **April 8, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3